UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSHA WENHOLD,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD LEBREAUX and JACLYN LEBREAUX,<br><br>    Defendants. | Case No. 1:17-cv-38-GWC |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**
**(Doc. 4)**

Plaintiff Marsha Wenhold filed this lawsuit alleging that Defendants Donald Lebreaux and Jaclyn Lebreaux are liable to her for injuries she sustained as a result of a car accident that occurred in Rhode Island. (Doc. 1.) The complaint, which alleges only state-law claims, invokes the court's diversity jurisdiction. (Doc. 1 ¶ 4.) According to the complaint, Plaintiff is a resident of New York, and both Defendants are residents of Rhode Island. (Doc. 1 ¶¶ 1–3.) Defendants have moved to dismiss the complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for improper venue, pursuant to Rule 12(b)(3). (Doc. 4.) The motion was filed on April 4, 2017, and Plaintiff has not responded.

A court resolves an unanswered motion on its merits, rather than granting it merely because it is unopposed. *Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010).

A federal district court's diversity jurisdiction "is determined by reference to the law of the jurisdiction in which the court sits." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985); *accord DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). "Under New York law, for a plaintiff to demonstrate personal jurisdiction over a defendant the plaintiff must show either that the defendant was present and doing business in New York within

the meaning of C.P.L.R. § 301, known as general jurisdiction, or that the defendant committed acts within the scope of New York's long-arm statute, C.P.L.R. § 302, known as specific jurisdiction." *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 385 (E.D.N.Y. 2015) (internal quotation marks and alterations omitted).

Section 301, enacted in 1963, "preserves all previously existing jurisdictional bases." *Pichardo v. Zayas*, 122 A.D.3d 699, 702 (N.Y. App. Div. 2014). The bases for jurisdiction under this statute are "physical presence within the State, domicile, or consent." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 512 (S.D.N.Y. 2016) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)) (considering whether court had jurisdiction over individual defendant under C.P.L.R. § 301). But an individual defendant may also come under a court's general jurisdiction if she is "'doing business' in the state." *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). A defendant is considered to be "doing business" if she is "engaged in continuous, permanent, and substantial activity in New York." *Id.* (quotation marks omitted).

Section § 302(a), New York's long-arm statute, grants courts jurisdiction "over any non-domiciliary" who (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state," (2) "commits a tortious act within the state," (3) "commits a tortious act without the state causing injury to person or property within the state" and he "regularly does or solicits business" in the state or "expects or should reasonably expect the act to have consequences in the state," or (4) "owns, uses or possesses any real property situated within the state."

2

The complaint alleges that the accident occurred in Rhode Island, not New York, and that both Defendants are residents of Rhode Island. (Doc. 1 ¶¶ 2–3, 5.) And according to uncontradicted affidavits submitted by Defendants, neither Defendant has ever lived in New York, owned or possessed real property there, contracted to supply goods or services there, registered to do business there, maintained an office or place of business there, kept a bank account there, attended school there, solicited any business there, or otherwise consented to personal jurisdiction there. (Doc. 4-1 at 3–4; Doc. 4-5; Doc. 4-6.)

On this record, the court sees no basis on which to exercise general jurisdiction over Defendants. There is no suggestion that Defendants are domiciliaries of New York, that they are present in the state, that they do business there or that they otherwise consented to the exercise of personal jurisdiction in New York. Nor is there a basis for specific jurisdiction. The only conceivable basis—§ 302(a)(3)'s grant of jurisdiction over defendants who "commit[] a tortious act without the state causing injury to person or property within the state"—is inapplicable because an injury under this provision "does not occur within the state simply because the plaintiff is a [New York] resident." *Lipin v. Bergquist*, 574 F. Supp. 2d 423, 432 (S.D.N.Y. 2008) (internal quotation marks omitted).

## Conclusion

The court GRANTS Defendants' Motion to Dismiss (Doc. 4). The case is DISMISSED without prejudice.

Dated this 31 day of May, 2017.

Geoffrey W. Crawford, Judge
United States District Court

3